UNITED STATES of America, Plaintiff,

v.

Abraham J. RODOLITZ, Defendant.

No. 83 Cr. 805 (JES).

United States District Court,
S.D. New York.

Nov. 24, 1986.

MEMORANDUM OPINION
AND ORDER

SPRIZZO, District Judge:

## BACKGROUND

The defendant, Abraham J. Rodolitz, was convicted on December 13, 1984 on three

counts of mail fraud and one count of witness tampering. On March 27, 1985, the defendant was sentenced by the Court to a two-year term of imprisonment and a fine of $253,000.00. The judgment subsequently was affirmed by the Second Circuit. *See United States v. Rodolitz*, 786 F.2d 77 (2d Cir.1986). On May 19, 1986, the Second Circuit denied a motion for reargument or for rehearing *en banc*. The defendant now moves for:

1. A new trial
2. Dismissal of the indictment
3. Inspection of the grand jury minutes
4. Discovery and inspection of all notes, memoranda or other relevant papers in the possession of the United States attorney relating to any information provided by Joseph Nurnberg to the United States Attorney or to the grand jury in connection with this case.
5. A hearing on the issue of whether there was a violation of the defendant's attorney-client privilege, and/or a violation of the work-product rule, and/or whether the indictment or the conviction was tainted as a result of information supplied by Joseph Nurnberg to the United States Attorney or the grand jury.

Defendant's [Proposed] Order to Show Cause at 1–2. For the reasons set forth below, the Court concludes that the defendant's motion lacks merit and must be denied.

In support of his motion, the defendant alleges that Joseph Nurnberg and his son, Ronald Nurnberg, represented the defendant on various civil matters from 1967 to 1983. *See* Affidavit of Ivan S. Fisher ("Fisher Aff.") at ¶ 3; Affidavit of Abraham J. Rodolitz ("Rodolitz Aff.") at ¶ 2. The defendant further alleges that both Joseph and Ronald Nurnberg were subpoenaed by the United States Attorney for the Southern District of New York in connection with previous grand jury proceedings against the defendant in the above-captioned criminal action. *See* Fisher Aff. at ¶ 4. According to the defendant, however, he did not become aware that either attorney testified before the grand jury until Joseph Nurnberg revealed that fact during a deposition in a subsequent civil action in April of 1986. *See* Rodolitz Aff. at ¶ 4.[1]

The defendant's motion is predicated on the defendant's "information and belief" that Joseph Nurnberg revealed information to the United States Attorney's Office or to the grand jury which violated the work product rule and the defendant's attorney-client privilege. *See* Fisher Aff. at ¶ 6. This belief is based solely on Joseph Nurnberg's deposition testimony in which he stated that his grand jury testimony "related to the recent criminal matter in which Mr. Rodolitz was involved," *see id.* at ¶ 4, and defendant's assertion that "Nurnberg was actively involved in and had knowledge of many of the matters that became items of evidence in the defendant's trial," *see id.* at ¶ 6; *see also* Rodolitz Aff. at ¶ 3.

These allegations are totally insufficient to entitle the defendant to any relief, including a hearing. It is generally presumed that an attorney will protect his client's confidential interests before a grand jury. *See United States v. Wolfson*, 558 F.2d 59, 66 (2d Cir.1977). Defendant has not presented to the Court any facts which indicate that either Joseph Nurnberg or Ronald Nurnberg failed to do so.

Indeed, the deposition testimony of Joseph Nurnberg, upon which the defendant principally relies, flatly refutes defendant's claim that information protected by the attorney-client privilege or the work product rule was provided to the government. During that deposition, Joseph Nurnberg expressly disclaimed making any such dis-

---

1. The government contests the defendant's assertion that he did not become aware of the Nurnberg's grand jury testimony until April, 1986. The government instead argues that the defendant had actual or constructive notice of the grand jury testimony prior to his criminal trial and that, therefore, the present claim is time-barred. *See* Government's Memorandum of Law in Opposition to Defendant's Motion for Dismissal of the Indictment Or, Alternatively, a New Trial at 5. Given the Court's conclusion that defendant's motion is meritless, the Court need not reach these issues.

closures and specifically stated that no privileged information was divulged to the government.[2] In light of that testimony and the total lack of any evidence to support defendant's claim, the Court concludes that the defendant clearly is not entitled to a factual hearing or any other relief. *See Wolfson, supra,* 558 F.2d at 66.

Nevertheless, out of an abundance of caution, the Court has reviewed, *in camera,* the pertinent grand jury testimony of both Joseph Nurnberg and his son, Ronald Nurnberg.[3] The Court has also reviewed an *ex parte* affidavit submitted by the government to the Court which sets forth the details of Joseph Nurnberg's grand jury testimony. This affidavit was previously filed with the Court in connection with the earlier prosecution of Mr. Rodolitz's sons. A review of that grand jury testimony and the affidavit confirms the Court's conclusion that there is no conceivable basis for the defendant's assertion that there was an invasion of the attorney-client privilege or the work product rule in this case.

Moreover, assuming *arguendo* that there was a violation of the work product rule or the attorney-client privilege before the grand jury, the defendant has not cited a single case wherein such a violation has resulted in the dismissal of the indictment or a new trial. *See Wolfson, supra,* 558 F.2d at 66 & n. 22 (citing *United States v. Mackey,* 405 F.Supp. 854, 860–67 (E.D.N.Y.

1975)). Indeed, as the Supreme Court has indicated, the general rule is that an indictment valid on its face is not subject to challenge even where the grand jury in fact used privileged information. *See United States v. Calandra,* 414 U.S. 338, 345, 94 S.Ct. 613, 618, 38 L.Ed.2d 561 (1974) (citing *Lawn v. United States,* 355 U.S. 339, 78 S.Ct. 311, 2 L.Ed.2d 321 (1958) (information obtained in violation of defendant's Fifth Amendment privilege against self-incrimination); *see also United States v. Bein,* 728 F.2d 107, 113 (2d Cir.) (information obtained in violation of attorney-client privilege), *cert. denied sub nom.* 469 U.S. 837, 105 S.Ct. 135, 83 L.Ed.2d 75 (1984).

It follows that the defendant's request for a new trial or dismissal of the indictment based on an alleged violation of the work product rule or the attorney-client privilege before the grand jury must be denied. *See Bein, supra,* 728 F.2d at 113. This is especially true where, as here, the claim is made for the first time after trial and appeal. The defendant's guilt was established overwhelmingly at trial by competent evidence. As is clearly demonstrated by the materials submitted to the Court by the government in connection with this motion and the trial record, with which this Court is thoroughly familiar, the evidence elicited at trial was in no way related to or traceable to any alleged violation of the work product rule or the attorney-client privilege.

**2.** Specifically, Joseph Nurnberg testified as follows at his deposition:

> Q  Prior to your being subpoenaed to the Grand Jury, did you have discussions with the United States Attorney's Office regarding your testimony ...?
> A  I believe that the U.S. assistant attorney asked to see me. I went down to see him but I disclosed no information at all. He told me that there was some pending proceeding or something against Rodolitz.
>
> \*    \*    \*    \*    \*    \*
>
> Q  What were those discussions about?
> A  I don't recall. You can be absolutely sure that no privileged information was disclosed. This you can be absolutely positive about.
>
> \*    \*    \*    \*    \*    \*
>
> Q  What did you testify to at the Grand Jury?
> A  I don't have any recollection, but I can tell you that in my testimony before the Grand

> Jury, nothing was disclosed by me that would be in violation of any privilege.

Fisher Aff., Exhibit B at 5–6 (excerpt from Deposition of Joseph Nurnberg, dated June 12, 1986).

**3.** Although the defendant seeks to inspect the grand jury minutes, the Court notes that grand jury proceedings are, of course, protected by the utmost secrecy. This veil of secrecy may only be withdrawn after there has been a strong showing of irregularity or misconduct. *See Pittsburgh Plate Glass Co. v. United States,* 360 U.S. 395, 400, 79 S.Ct. 1237, 1241, 3 L.Ed.2d 1323 (1959); *United States v. Procter & Gamble Co.,* 356 U.S. 677, 682, 78 S.Ct. 983, 986, 2 L.Ed.2d 1077 (1958). As noted above, defendant has made no such showing and, therefore, defendant's request to inspect the grand jury minutes must be denied.

## CONCLUSION

For all of the foregoing reasons, the defendant's motion, which seeks *inter alia* a new trial or dismissal of the indictment, is denied in all respects.

It is SO ORDERED.